UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
TICARRAH POOLE BEY,

              *Pro se* Plaintiff,

       -against-

THE BROOKLYN FAMILY COURT,

             Defendant.
--------------------------------x

<u>MEMORANDUM AND ORDER</u>

11-CV-5209 (KAM)

**MATSUMOTO, United States District Judge:**

On October 24, 2011, plaintiff Ticarrah Poole Bey ("plaintiff") filed this *pro se* action against the defendant Brooklyn Family Court, also known as the Kings County Family Court ("defendant"), alleging violations of rights secured by the United States Constitution.  (*See* ECF No. 1, Complaint ("Compl.") at 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order.  For the reasons set forth below, the *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant that is immune from such relief under the Eleventh Amendment of the United States Constitution.

<u>BACKGROUND</u>

Plaintiff purports to invoke the jurisdiction of the court pursuant to "The Zodiac Constitution" and 28 U.S.C. §§ 1331 and

1391(b), and the complaint also cites the "Treaty of Peace and Friendship" originally entered into between Morocco and the United States in the 18th Century.  (Compl. at 1.)  Plaintiff alleges that defendant "violated rights secured by The Constitution of The United States of America by unlawful[ly] kidnapping a child from his mother and holding him hostage for a period exceeding 6 months while [interrogating] and threat[en]ing [his] mother after a tragic event in this [family's] life."  (*Id.*)  Additionally, plaintiff alleges that defendant "recklessly moved the kidnapped minor child to 5 different homes w[h]ere he suffered verbal abuse and was even physically attacked by the boyfriend of a Foster Parent."  (*Id.* at 2.)  Finally, plaintiff further alleges that defendant "ordered third party agencies to threaten and harass mother and child" and "operated on he[ar]say and has ignored facts."  (*Id.*)

Plaintiff seeks unspecified declaratory relief, the commencement of criminal proceedings against "All violators as defined by LAW for all Sworn Officials," a public apology, and money damages totaling $500,000.  (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing plaintiff's complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  If a liberal reading of the complaint "'gives any indication that a valid claim might be stated,'" the court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's claims against the Kings County Family Court in Brooklyn, New York must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment of the United States Constitution.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment states as follows:  "The Judicial power of the

3

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997))).

In this case, there is no suggestion of state acquiescence to this suit.  Because the Kings County Family Court is a branch of the New York State Unified Court System and state agencies and instrumentalities are immune from claims for damages under the Eleventh Amendment, all of plaintiff's damages claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (holding that "the New York State Unified Court System is unquestionably an 'arm of the State' and is entitled to Eleventh Amendment sovereign immunity."  (quoting *Woods*, 466 F.3d at 236)); *McKnight v. Middleton*, 699 F. Supp. 2d 507,

521 (E.D.N.Y. 2010) ("The County of Kings Family Court is a part of the New York State Unified Court system and is, therefore, also protected by the State's sovereign immunity from suit in federal court."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011) (summary order).

To the extent plaintiff requests unspecified "Declaratory Relief to Mother and Child" (Compl. at 2), the Second Circuit has held that claims for retrospective declaratory relief are barred by the Eleventh Amendment.  *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (holding that the declaratory relief sought "is unavailable in federal court because there is no 'claimed continuing violation of federal law' or 'threat of state officials violating the repealed law in the future.'" (quoting *Green v. Mansour*, 474 U.S. 64, 73 (1985))).  Here, plaintiff has not alleged a continuing violation of federal law and has not demanded any prospective relief that would fall outside of the sovereign immunity guaranteed by the Eleventh Amendment.  *See Rothenberg v. Stone*, 234 F. Supp. 2d 217, 221-22 (E.D.N.Y. 2002) (dismissing plaintiff's claims for declaratory relief on immunity grounds because "the plaintiff's complaint makes clear that he is seeking declarations that [defendant's] past conduct violated federal law" and "is therefore seeking only retrospective declaratory relief").  Accordingly, plaintiff's unspecified claim for declaratory relief must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, to the extent plaintiff seeks the "Full Prosecution against All violators as defined by LAW for all Sworn Officials" (Compl. at 2), the *pro se* complaint fails to state a claim upon which relief may be granted because "'the decision as to whether to prosecute generally rests within the broad discretion of the prosecutor,' and a prosecutor's pretrial charging decision is presumed legitimate."  *United States v. Sanders*, 211 F.3d 711, 716 (2d Cir 2000) (quoting *United States v. White*, 972 F.2d 16, 18 (2d Cir. 1992)).  Accordingly, dismissal of the complaint is also appropriate for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons stated above, the court dismisses the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) because it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief under the Eleventh Amendment.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully

requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

        **SO ORDERED.**

Dated:     Brooklyn, New York
             April 5, 2012

                                       /s/
                             KIYO A. MATSUMOTO
                             United States District Judge